IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE LAMPLEY,<br>    ID # 27717078,<br>        Petitioner, | )<br>)<br>)<br>) | |
| vs. | ) | No. 3:22-CV-2199-G-BH |
| C. RIVERS,<br>        Respondent. | )<br>)<br>) | Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

The *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241(c)(3)*, received on September 20, 2022 (doc. 1), should be **DISMISSED**.

### I.   BACKGROUND

Willie Lampley (Petitioner), a federal prisoner incarcerated at the Federal Correctional Institution in Seagoville, Texas (FCI Seagoville), challenges his sentence under 28 U.S.C. § 2241. (*See* doc. 1.) The respondent is the Warden of FCI Seagoville. (*See id.* at 1.)

After a jury trial, Petitioner was convicted of one count of receipt of child pornography and one count of possession of child pornography in the United States District Court for the Eastern District of Texas, and was sentenced to concurrent terms of imprisonment of 210 months and 120 months, respectively. *See United States v. Lampley*, No. 1:18-CR-20-MAC-CLS-1 (E.D. Tex. Dec. 26, 2018). The judgment was affirmed on appeal. *See United States v. Lampley*, 781 F. App'x 282 (5th Cir. 2019). Petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is currently pending in the court of conviction. *See Lampley v. United States*, No. 1:19-CV-622-MAC-CLS (E.D. Tex. Dec. 9, 2019).

---

[1] By *Special Order No. 3-251*, this habeas case was automatically referred for determination of non-dispositive motions and issuance of findings, conclusions and recommendation.

On August 22, 2022, Petitioner filed a § 2241 petition in this Court challenging his underlying convictions and sentences. *See Lampley v. Rivers*, No. 3:22-CV-1857-C-BN, 2022 WL 4359075 (N.D. Tex. Aug. 25, 2022), *rec. adopted*, 2022 WL 4360564 (N.D. Tex. Sept. 20, 2022). The petition was dismissed for lack of jurisdiction on September 20, 2022. (*See id.*) He again seeks to challenge the sentences in his underlying criminal case under § 2241. (*See* doc. 1 at 2, 5-6.) He seeks his "immediate and unconditional release," $1,235 of alleged stolen money, and "$1100 p/mth for each month of incarceration." (*Id.* at 7.)

## II.   SAVINGS CLAUSE

Although Petitioner filed his petition under § 2241, he challenges his federal sentences in the underlying criminal case from the Eastern District of Texas and seeks release from custody. (*See id.* at 2, 5-7.) He claims that: (1) he is actually innocent of the offenses of conviction; (2) a testifying detective knew more about Petitioner's case than the jurors; (3) no child pornography was found on his cell phone; and (4) his counsel rendered ineffective assistance. (*See id.* at 5-6.) Generally, a writ of habeas corpus under § 2241 is the appropriate vehicle to challenge the manner in which a sentence is carried out, while claims of alleged errors that occurred at or before sentencing are properly raised in a motion under § 2255. *See Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005); *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition that seeks to challenge the validity of a federal sentence, i.e., by attacking errors that occurred at or prior to sentencing, as here, generally must either be dismissed or construed as a § 2255 motion. *See Pack*, 218 F.3d at 452; *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (recognizing that a petition filed under § 2241 is not a substitute for a § 2255 motion). If a petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention, however, a § 2241 petition that attacks the legality

2

of his detention may be entertained under the "savings clause" of § 2255. *See Padilla*, 416 F.3d at 426. It provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). "[T]he burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely on the petitioner." *Jeffers,* 253 F.3d at 830. To show that a § 2255 motion is either ineffective or inadequate to test the legality of his detention, a petitioner must demonstrate that: (1) his claim is based on a Supreme Court decision that is retroactively applicable on collateral review and that establishes that he may have been convicted of a nonexistent offense; and (2) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in a first § 2255 motion. *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). Petitioner has not made this showing.

Here, in response to an instruction in his form § 2241 petition to state, if applicable, why his remedy under § 2255 was inadequate or ineffective to test the legality of his detention, Petitioner stated:

> I filed a 28 USC 2255 motion in 12-2019. The government answered in 2-2020. I have been waiting for the "prompt" hearing, that i [sic] am entitled to. The court has answered other submissions, but not on the 2255. They have violated the law, and i [sic] am being injured on a daily basis by the denial of a remedy.

(doc. 1 at 8.) That the sentencing court has not yet ruled on his pending § 2255 motion does not render the § 2255 remedy inadequate or ineffective. *See, e.g.*, *Lampley*, 2022 WL 4359075, at *1; *Person v. Pre-First Step Act of 2018 Fed. Crim. Stat.*, No. 1:21-CV-00557, 2021 WL 4272733, at *2 (W.D. La. Aug. 19, 2021) ("[The petitioner] cannot show that § 2255 is inadequate to challenge

3

his sentence because his § 2255 motion has not been denied."); *McIntosh v. Martin*, No. 1:11-CV-550, 2011 WL 6327247 (E.D. Tex. Nov. 14, 2011) ("Because petitioner's Section 2255 motion is still pending, he clearly has another remedy to attack his underlying criminal conviction and test the legality of his detention."), *rec. adopted*, 2011 WL 6326748 (E.D. Tex. Dec. 15, 2011).

Petitioner also has failed to satisfy his burden to show that § 2255 is either ineffective or inadequate because he does not contend or show that: (1) his claim is based on a retroactively applicable Supreme Court decision that establishes that he may have been convicted of a non-existent crime; and (2) his claims would have been foreclosed by existing circuit precedent if he had raised them at trial, on appeal, or in a § 2255 motion. *See Christopher v. Miles*, 342 F.3d 378, 382 (5th Cir. 2003). Accordingly, Petitioner is not entitled to relief under the savings clause of § 2255(e).

Because Petitioner's claims are not reviewable under the savings clause of § 2255(e), they can only be considered through a § 2255 motion to vacate. *See Carter v. Blackmon*, 732 F. App'x 268, 269 (5th Cir. 2018). Petitioner was sentenced in the United States District Court for the Eastern District of Texas, so this Court lacks jurisdiction to consider his claims under § 2255. *See Pack*, 218 F.3d at 451 ("A section 2255 motion must be filed in the sentencing court."). Because he already has a § 2255 motion pending in the Eastern District of Texas, his petition should be dismissed for lack of jurisdiction, rather than transferred. *See id.* at 452.

### III. CIVIL CLAIMS

As discussed, Petitioner's request for relief includes $1,235 of alleged stolen money, and "$1100 p/mth for each month of incarceration." (doc. 1 at 7.) He also appears to claim that the sentencing court has "violated the law, and [that he is] being injured on a daily basis by the denial

4

of a remedy" in connection with his pending § 2255 motion. (*Id.* at 8.) These allegations and requests for relief do not specifically challenge his custody.

To the extent Petitioner seeks to assert separate claims against other parties or to seek non-habeas relief, claims that do not challenge his custody may not be raised in this habeas action. Courts may only consider federal habeas petitions on grounds that the petitioner is in custody in violation of the Constitution or federal laws. *See Preiser v. Rodriguez*, 411 U.S. 475, 484-87 (1973). Petitioner's non-habeas civil claims may be liberally construed either as a civil rights action under 42 U.S.C. § 1983, or as a mandamus action under 28 U.S.C. § 1651 that must be raised in a separate civil action against the appropriate parties. Because Petitioner may only raise habeas claims in this habeas case, his non-habeas civil claims should be dismissed without prejudice to seeking relief in a separate civil action. *See Davis v. Valdez*, No. 3:15-CV-3952-D (BH), 2016 WL 749899, at *2 (N.D. Tex. Jan. 4, 2016), *rec. adopted*, 2016 WL 728817 (N.D. Tex. Feb. 24, 2016).

If Petitioner wishes to pursue relief on any non-habeas civil claims, he must file a separate civil action using the appropriate forms and pay the applicable filing fees. The Prison Litigation Reform Act (PLRA) requires that <u>all</u> prisoners who bring a civil action pay the full $402 filing fee. *See* 28 U.S.C. § 1915(b)(1).[2] A prisoner who is granted leave to proceed *in forma pauperis* must still pay the full filing fee, but is allowed to pay in installments that are automatically withdrawn from the prisoner's trust account. Because of the filing fee, Petitioner's filing is not liberally construed as seeking to open a new case at this time.

---

[2] A $52 administrative fee will be assessed in addition to the $350 filing fee, resulting in a total filing fee of $402 for a civil action in which the plaintiff has not sought or been granted leave to proceed *in forma pauperis*. *See* District Court Miscellaneous Fee Schedule. Where a prisoner plaintiff has been granted leave to proceed *in forma pauperis*, only the $350 filing fee will be deducted from the prisoner's account. *See id.* The $52 administrative fee will not be deducted. *Id.*

5

### IV. RECOMMENDATION

Any habeas claims in the *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241(c)(3)*, received on September 20, 2022 (doc. 1), should be **DISMISSED** for lack of jurisdiction. Any civil claims should be **DISMISSED** without prejudice to seeking relief in a separate civil action.

**SIGNED this 14th day of October, 2022.**

*(signature)*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).